[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties were married on October 21, 1967, at Branford, Connecticut.
All jurisdictional requirements have been met.
The parties have three minor children issue of the marriage: Kimberly, born January 24, 1974; Kari, born April 6, 1975; and Sean, born May 27, 1980.
The marriage of the parties has broken down irretrievably and the same is hereby dissolved.
The court has considered the statutory criteria contained in Conn. Gen. Stats. 46b-56, 46b-81, 46b-82 and 46b-84, and enters the following orders:
1. Custody of the minor children is awarded to the plaintiff with reasonable rights of visitation in the defendant.
2. All right, title and interest in the marital home and the contents therein is awarded to the plaintiff. The plaintiff shall execute a mortgage note and deed in favor of the defendant, secured by the property in the amount of $18,000. Said note shall bear interest at seven per cent and shall be payable upon the plaintiff's remarriage or the youngest child's eighteenth birthday, or the sale of the home, whichever first occurs.
3. The bank accounts and stocks listed on the defendant's financial affidavit (4.D and 4.E) shall be liquidated forthwith and the balance applied to the equity line of credit secured by the marital home.
4. The wife shall be responsible for payment of the mortgages and the equity line of credit on the home and hold the defendant harmless thereon.
5. The plaintiff shall retain her IRA.
6. The defendant shall retain his IRA and pension.
7. The defendant shall pay as child support $340 per week, in accord with the Child Support Guidelines.
8. The defendant shall pay as alimony $75.00 per week until the death of either party, or the plaintiff's remarriage.
9. The defendant shall maintain health insurance for the benefit of the minor children as it is available through his employment. Each of the parties shall be responsible for one-half CT Page 2114 of all unreimbursed, uninsured medical expenses incurred on behalf of the minor children. This order is subject to Conn. Gen. Stats. 46b-80(c).
10. The defendant shall maintain the life insurance shown on his financial affidavit, naming the minor children as irrevocable beneficiaries, for so long as he is obligated to pay child support.
11. The defendant shall have the right to claim the minor children for tax purposes and the plaintiff shall execute the forms necessary to effectuate this order.
12. Each of the parties shall be responsible for their own auto loans.
13. Each of the parties shall be responsible for one-half of the outstanding medical and dental bills (orthodontia) related to the care of the children. The plaintiff shall be responsible for the Visa, S. Pope, and Overhead Door bills reflected on her affidavit. The defendant shall be responsible for the Sears, G. Fox, Master Charge, Dime Savings, Chase Manhattan, Mid-Atlantic, General Electric Credit and CPA bills reflected on his affidavit. Each of the parties shall hold the other harmless on the obligations for which they are responsible.
14. Each party shall be responsible for their own counsel fees.
15. Alimony and child support orders are subject to immediate wage withholding.
Elaine Gordon, Judge